Blandford, J.
Where a duly commissioned pilot for the port of Brunswick tendered his services to a master of a vessel outside of the bar to bring his vessel into port, which were declined, and the master brought his own vessel into port, paying the pilot the fees allowed if he had brought in the vessel; and thereupon the pilot tendered his services to the master to take the vessel out of port, which were declined, and the master refused to pay the pilot the fees allowed for such services, the pilot was entitled to recover therefor; and where the commissioners of pilotage rendered a judgment in his favor, it was error to reverse this judgment on certiorari. Cobb’s Dig., p. 37.
(a) The pilotage acts are founded on public necessity for the *266 security of commerce and the protection of life, and it is not apparent why an outward bound Vessel should not have the protection of a skillful and experienced pilot, as well as one inward bound.
Spencer R. Atkinson, for plaintiff in error.
Goodyear & Kay; Chisholm <fe Erwin, for defendant.
(b) This case differers in its facts from those of Thompson vs. Spraigue, Soulle & Co., 69 (¡-a., 409; and Meissner us. Stein, 72., Ga., 234. The points directly involved in tho e cases do not control this, and what may have been said in th opinions arguendo is to be considered alone with reference to the facts of those particular cases, and is not binding as a dicision where the facts are different.
.Judgment reversed.